FILED
U.S. District Court
District of Kansas

MAY 1 6 2023

Clerk, U.S. District Court
By SAS /s/ Deputy Clerk

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Case No. ~~2023-CV-001234~~ 23-CV-01093

GREGORY BARNES,

Plaintiff,

v.

THE STATE OF KANSAS,

Defendant.

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

Plaintiff, Gregory Barnes, pro se files this complaint for violation of his civil rights and damages against the State of Kansas, and alleges as follows:

PARTIES

1. Plaintiff, Gregory Barnes, is an individual residing in Sedgwick County, Kansas.
2. Defendant, the State of Kansas, is a state government entity with its principal place of business located in Topeka, Kansas.

JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment to the United States Constitution.
4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims alleged herein occurred in Sedgwick County, Kansas.
6. Charlene Kilabrew had no lawful right to bring the estate of Jacob A. Barnes to probate court without clarification that she was related to Jacob A. Barnes. DNA testing is not enough to determine if a child has a right to deceased property. In re Marriage of Ross, 245 Kansas 591 (1989) 783 P.2d 331, the court determined that even though another man was found to be the biological father, the man who was married to the mother at the time of conception and who signed the birth certificate was the father.
DNA expert stated in court without Jacob A. Barnes he would not be able to determine if any of those claims to be were related to Jacob A. Barnes.

Moreover, because Charlene Killebrew is over 60 years old, as in Roy v. Edmonds, 261 P.3d 551, she would be outside the limitations period of K.S. A. 23-2309(A) (2), formerly K.S.A. 38-1115(A)(2).

In Charlene Killebrew's case, as in Roy v. Edmonds, the statute of limitations in which to bring paternity action expired in the 1970's. As we now know, that John Smith is her biological father that signed her birth certificate and married her mother ten (10) months later. It appears that her father was a great man. Charlene never mentioned living in poverty. When Charlene was 13 years of age, Mr. John Smith died. She then begins receiving his Social Security and all other benefits afforded her from her father, Mr. John Smith. Kansas and Iowa law both lawfully deem John Smith as her biological father when he signed he birth certificate and he married her mother 10 months later.
If any man signed any of the three siblings birth certificates, that man according to the Kansas Parentage Act is to be deemed the biological father. See In re Marriage of Ross, 245 Kansas 591 (1989) 783 P.2d 331.

Jacob A. Barnes never provided any support, nor was Mr. Barnes willing to assume the responsibilities of a parent, 13 Kan. App. 2d at 402. In In re Marriage of Ross, the court determined that the man on the birth certificate was the biological father by statute. And even though another man was determined to be the biological father, the child's statutory rights to inherit were from the man who signed the birth certificate and that the biological father, in this case Jacob A Barnes, can will his property to whomever he chose to.
As it has been observed that Charlene is untrustworthy and her character is questioned. Any one person that has benefited from a father, in which all that her father John Smith has afforded, now she calls him a drunk and claims he once tried to molest her. To disgrace an honorable man that stood guard for his county is offensive.
There has not been any new creditable evidence presented by Charlene. She has not provided any additional evidence, no correspondence from Jacob A. Barnes stating that there was any relationship of value.
Granted Charlene has been quite deceitful. However, she is not alone, she has been encouraged, aided and abetted by men of the court that has forgotten the Oath they took or decided for financial gain.

As for Lonnie Barnes, who knew he had no legal course in this matter removed himself. Then after receiving three notices alerting him to file the correct forms if he had a desire to re-enter, he never responded and the stature of limitations have run out.
After being encouraged by Charlene and her legal team to get on board of her failed attempts, he has now illegally re-entered his quest. These almost two years has been a redundant waste of time that, has afforded all legal teams involved to gain financially.
I can simply trust that someone will have a heart, conscience and remember the oath they have taken. Then use the wisdom, knowledge and understanding of righteousness and the law.

This case is in appeals court case #22-125786-A Richard Ciemny, as administrator and Judge Ramsey continue to sell properties off and pay attorneys, also evict Gregory Barnes out of the 2551 N Dellrose house

See Ext A
      B
      C

CLAIMS FOR RELIEF

COUNT I - VIOLATION OF FOURTEENTH AMENDMENT RIGHTS

13. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-12 above.
14. The actions of the estate's attorney, in rejecting the Plaintiff's claim based on his race, deprived the Plaintiff of his property rights without due process of law in violation of the Fourteenth Amendment to the United States Constitution.
15. The State of Kansas, as a state entity, is responsible for the actions of the estate's attorney.
16. As a direct and proximate result of the State of Kansas' conduct, Plaintiff has suffered damages in the amount of $10 million dollars.

WHEREFORE, Plaintiff requests relief as follows:

1. Judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's Fourteenth Amendment rights;
2. An award of $10 million dollars in damages;
3. Such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Gregory Barnes, Pro Se
2551 N Dellrose
Wichita, KS 67220
(316)250-0274
Payday28@Yahoo.com

Jury Trial Wichita KS

# CERTIFICATE OF SERVICE

I, Gregory J. Barnes, certify that on this __16__ day of __May__, 2023, a copy of this Notice of Hearing on Motion to Dismiss was placed in the United States mail, postage prepaid, properly addressed to the following:

LEDETRA JONES, ESQ.
Attorney at Law
P.O. Box 21215
Wichita, KS 67208
Ljoneslaw@cox.net
*Attorney for Charles Johnson*

SAMANTHA WOODS, ZACH WIGGINS, DANIELLE CORNEJO and KARLEE CANADAY
Martin, Pringle, Oliver, Wallace & Bauer, LLP
645 E. Douglas, Suite 100
Wichita, KS 67202
zkwiggins@martinpringle.com; ddcornejo@martinpringle.com; krcanaday@martinprincle.com; smhwoods@martinpringle.com
*Attorneys for Marques Johnson and Brittany Johnson*

G. ANDREW MARINO, NOLAN W. WRIGHT
Gibson Watson Marino LLC
301 N. Main, Suite 1300
Wichita, KS 67202
andrew@gwinks.com; nolan@gwinks.com
*Attorneys for Charlene Killebrew, Lonnie Barnes and Elizabeth Thomas*

LORA SMITH, ERIC BARTH and RYAN FARLEY
Hinkle Law Firm, LLC
1617 N. Waterfront Pkwy, Ste. 400
Wichita, KS 67206-6639
ebarth@hinklaw.com; rfarley@hinklaw.com; lsmith@hinklaw.com
*Attorneys for Alonzo D. Anderson, Administrator of the Estate of Cora Barnes*

and the following were served via first class U.S. mail, postage prepaid, properly addressed to:

GREGORY BARNES
2551 N. Dellrose
Wichita, KS 67220

ANTONIO BARNES, JR.
1033 South Richmond, #B
Wichita, KS 67213

JAYDEN ROBISON
386 S. Burnside Avenue, #6A
Los Angeles, CA 90036

JAREZ BARNES
7323 E. Mulberry Circle
Wichita, KS 67226

TREY McGILLICUDDY
2154 Adams Avenue
Evansville, IN 47714

JEFFREY R. EMERSON
Attorney at Law
Conlee Schmidt & Emerson
200 W. Douglas #300
Wichita, KS 67202

Attorney General
Kris W. Kobach
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612

ACLU
P.O. Box 917
Mission, KS 66201

NAACP
4805 Mt. Hope Drive
Baltimore, MD 21215

Gregory J. Barnes, pro se
2551 N. Dellrose
Wichita, KS 67220
(316) 250-0274
payda28@yahoo.com